CINCINNATI TRACTION COMPANY v. MARY BROGAN.

"Jerks" Not Due to Defects in Track or Careless Operation Not Chargeable to Company.

Evidence of a "jerk" in the movement of an electric car does not establish negligence where not shown to have been due to a defect in the track or careless handling of the car, even though a witness described the jerk complained of as "terrible."

*Miller Outcalt,* for plaintiff in error.

*Kramer & Bettman,* for defendant in error.

**SMITH, J.**

We are of the opinion that the evidence in the above action does not establish negligence upon the part of plaintiff in error in the operation of its car at the time the accident complained of occurred.

"The mere fact that a car gives a sudden movement when starting or stopping, is entirely consistent with the supposition that it was managed in a careful and prudent manner and does not raise a presumption of negligence. Booth on Street Railways, Sec. 250.

"The possibility of an electric car giving a jerk is an incident of travel which every passenger must expect. To make out a case of negligence on the part of a defendant railway company in such a case the plaintiff must go further and introduce evidence that the jerk in question was due to a defect in the track or to the negligence in the operation of the car." *McGann* v. *Boston Elevated Ry.* 199 Mass. 446 [85 N. E. 570; 18 L. R. A. (N. S.) 506; 127 Am. St. 509]; *Cleveland City Ry.* v. *Osborn,* 66 Ohio St. 45 [63 N. E. 604]; *Craig* v. *Boston Elevated Ry.* 207 Mass. 548 [93 N. E. 575].

The use of the adjectives, "terrible," etc., as descriptive of the kind of jerk were but conclusions of the witness.

The trail court therefore erred in not granting the motions of plaintiff in error to direct a verdict in its behalf.

Judgment reversed and judgment for plaintiff in error will be entered in this court.

'Swing and Jones, JJ., concur.